19-506-56 Jesus Agredano and Margaret Agredano v. State Farm Lloyds. Mr. Davis, you may proceed. Your Honor, and may it please the court. Good morning. My name is Josh Davis and I represent the Agredanos. The case before the court would be fairly direct given the jury's finding that State Farm breached the contract and owed the Agredanos money for the covered claim under Higginbotham v. State Farm Lloyds and then later Performance Auto Plex v. Mid-Century. Both of those cases hold that once that finding is made, 542 fees and statutory penalty interest naturally flow from that finding. But in this particular case, State Farm makes the argument as it did in Chavez, a case previously decided by this court, that somehow the Agredanos complaint fails and would prohibit the Agredanos from obtaining their fees and statutory penalty interest. Chavez obviously was a decision decided against one of my own clients on appeal. The case is not particularly analogous in many ways given the procedural presentation of Chavez. There was a motion Lemmy filed. Excessive demand was presented to the jury. The court would have presented fees to the jury but for the motion Lemmy. None of that is present in this case. The parties by agreement stipulated to submit the question of fees and statutory penalty interest post-verdict along with any question of excessive demand. And of course the underlying district court reached two opinions. The first opinion finding for the plaintiff that is that the Agredanos are entitled to fees and statutory penalty interest under Rule 54. And then revising that opinion what we've referred to as the second opinion following this court's decision in Chavez. But what supersedes all of that prior sort of lead up concerning this question are three core opinions from the Texas Supreme Court that we now have that bear heavily on the question before the court. In each case the petitioners Lozos, Alvarez, and Ortiz were represented by this firm concerning identical petitions to the Agredanos. That is the language contained within the that is there is no word that would even be different but for the names of the parties with respect to the rights to proceed with fees and statutory penalty interest under 542. And in all three cases following State Farm's argument as it made in Chavez this the Supreme Court rejected those arguments outright. And while Ortiz initially discussed that opinion that holding in a footnote State Farm subsequently made additional arguments in Lozos and Alvarez and those opinions doubled down on the holding itself. And that holding those three holdings and their applicability to the Agredanos case. So let me ask you this because one issue is obviously we're a federal court our procedure governs the state law substance governs in a case. So the argument here is well federal law requires sort of more of a pleading but what it requires is a plausible allegation. It does not require that you sit there and cite every statute with every subpart a. And so I guess my question is what is your position as to what is necessary to plead a plausible claim for this 18 percent penalty and where is that in your complaint? Well number one your honor I would point directly to the Texas Supreme Court opinions that clearly state that the pleadings before them which is identical to the one before your honor is substantively sufficient to assert 542 claims and damages. So that's number one. Okay but I'm saying the federal there's an argument I'm not necessarily agreeing with it but there's an argument that the federal procedure might be more difficult to meet. So if there was a federal law that said if you're suing under a statute you have to list the statute that would govern regardless of what Texas says. So what I'm asking you is that isn't our law. Our law is plausibility. What in your complaint makes it plausible that you're entitled to this 18 percent? Well in the complaint we say that State Farm owes damages under the policy which creates the basis for a 542 claim on liability. That is the claim was not paid when it should have been paid under the Prompt Pay Act. And so that identifies for the court and for the parties the substance of liability portion of 542. And then obviously the petition itself contains the damages that the plaintiff would be entitled to in the event that liability under 542 is found. Fees and statutory penalty. You said 18 percent. You said the number so if there was any confusion about what you meant by statutory fees it was 18 percent. And frankly anybody who represents an insurance company in Texas knows where the 18 percent is. Ain't hard to find, right? And I think that this goes to the point of where did State Farm ever make any Rule 12 complaint concerning the sufficiency of the pleading? Nowhere. In fact and we point out in the record it's replete with all the evidence the court would need to know State Farm was on notice that we were seeking 542 damages in our disclosures. They took my deposition with respect to attorney's fees in the demand itself and certainly in their motion for summary judgment in which they cited to the claim for 542. And so the idea that somehow the plaintiff's the Agredano's petition was insufficient to put State Farm on notice of the claim is fanciful given the record evidence that demonstrates they clearly were as they were conducting discovery on it taking my deposition and moving for dispositive relief on other grounds but nonetheless citing to 542 as a claim that the Agredano's sought. And so this isn't a hidden statute that nobody knew about that just somebody read one day by the pool and found. I mean this comes up in every insurance case where a claim has been denied and and therefore not paid and the plaintiff thinks it should have been paid. I mean that's exactly what the 18 percent is for. So it's State Farm isn't contending and frankly couldn't as as officers of the court contend they don't know about this statute. Well I don't think that they're contending that they didn't know about the statute. They contend that at some point the the Agredano's failed to plead what State Farm clearly know knew they were pleading based on the record. I just don't understand if it says statutory interest of 18 percent in the conclusion point blank it says we're seeking statutory interest of 18 percent. The fact that it doesn't say the name of the statute right there I don't think that's of any consequence. I don't understand what we're doing here. Your honor. Perhaps that's a friendly question. Yeah and I think that if the if the court looks at the district court's first opinion that is the opinion that the district court reached prior to this court's per curiam opinion in Chavez you'll see that the district court takes issue with what the district court deemed as insufficient descriptive language concerning the complaint but then relied upon rule 54 and sort of the forgivable nature of of that rule to complaint of this kind when a substantive right is clearly sought and the party demonstrates an entitlement to that substantive right and sort of the catch-all benefit. Why is there forgiveness necessary? I mean it's probably a good idea to add the statute and I bet you do now when you fill out these complaints but why is there forgiveness? It says what the claim was and it says that it needs statutory interest and there's no magic words that you have to say. You don't even have to say 1983 when you plead out a 1983 claim. We have cases that hold that failure to say 1983 does not mean that you can't bring the case. And your honor I will simply state I agree. That was smart. That's not as a friendly question. Do you have anything else Mr. Davis that you want to point out? Only to the extent that the court may have some unfriendly questions or any questions. I want to get into the other piece of this which is whether there is any Texas precedent that suggests anything other than that this 18 percent is strict liability i.e. that it requires some other violation of the Texas insurance code that you've done you know you willfully you know you knew you owed the money and you didn't pay or all this other long long list that used to be the 2121 world that I lived in for many years and and loved but there is there any Texas case that you have to prove anything other than you made a demand it was not paid in time and it was owed to recover the 18 percent? No your honor and in fact I direct the court to the Barbara Tech's opinions clear language on page 814 of that opinion in which this court's decision in Higginbotham v. State Farm and then Performance Autoplex was cited cited approvingly for for that very proposition that is it's essentially a per se liability once you've proven the carrier wrongfully denied the claim and withheld benefits and I think that one thing I would point out to that point is State Farm and other carriers have for years been attempting to create sort of a good faith basis defense to strict liability under 542 and has been pushing this idea that somehow if they had a good faith reason to to initially deny the claim that somehow they would get out of of that statutory penalty interest but but every single court that's considered that has fundamentally rejected that that attempt to create that defense given the clear intent of the statute to benefit the consumers that is to benefit the insureds when they've had their claim wrongfully denied because it is supposed to be punitive it is supposed to harm the carrier and disincentivize the carrier from that's what it is it's an incentive to pay claims you owe timely and the interesting thing is Chavez in this paragraph about you didn't show any violation of the insurance code doesn't cite you know any case and so that's because I'm not aware of there being one so that's why I wanted to make sure from you and obviously we'll give give your opponent a chance to respond but I because this I mean again I litigated a lot of insurance cases as a lawyer and as a state district judge so this is an area I know well and for better or for worse depending on which side you're on this is a strict liability penalty. Yes your honor I think that panel opinion the Chavez opinion it does not fairly reflect what I think the record number one the record demonstrates in the case but number two the case law obviously I think you know when when state claims are in federal court especially smaller claims and and admittedly the the actual damages that we're litigating is is not nearly as serious as what typically I would suspect comes before the court and so for Chavez for example if I were to look at it as forgivingly as as I can I would think that the panel just knowing that the case concerned about seven thousand dollars in actual damages you know approached it from well I don't want to say that we we know every case matters and seven thousand dollars to some people is a fortune and to some people it's irrelevant and so we recognize I'm not suggesting that well I think is they may not have researched that and looked at that I don't know what the brief said and so forth and so on but even if we don't want to set aside Chavez directly we can look at these subsequent Texas Supreme Court cases and so if there was any confusion about it they've clarified it right oh absolutely that's an easy way to given like I said at the beginning of my argument the the clear applicability of the decisions to specifically the Agredanos complaint petition complaint we must knowing that Texas Supreme Court rules on this subject apply it fairly and if we do so the Agredanos are entitled to their fees and statutory penalty interest and that's our case. Thank you we have your argument and you've saved time for rebuttal. Ms. Lorber. May it please the court hearing all the friendly questions from my opponent I'm going to jump right into some of the questions that you guys asked him and let you know State Farm's position on those issues. One key point that federal court pleading rules are not the same. Importantly in Ortiz State Farm never argued in the Court of Appeals or the Supreme Court that the pleading wasn't sufficient. The Supreme Court itself looked at the pleading saw the problem and added that footnote that said yeah there's a question about whether it's sufficient or not but we're going to say in this case it was sufficient because State Farm had notice of what he was alleging. State Farm moved for summary judgment specifically on the 542 grounds. Federal court pleadings require something more. State court pleadings say fair notice could you look at the pleading and figure it out. Federal court pleadings require as this court has said and the Supreme Court has said that you have to say both fair notice of the claims and the grounds upon which the claim rests. And here that's what's missing is the grounds upon which the claim rests. Sure it says 18% and that did trigger in State Farm's mind chapter 542 but chapter 542 is actually a multiple part statute that allows somebody to allege violations of when you accepted or acknowledged the claim, when you commenced your investigation of the claim, when you accepted or denied the claim, and when you paid the claim. And what would be required under federal pleading guidelines to effectively I'm sure it would be nice if if the Aguadanos had done what they did in their when they attempted to amend their petition and they named the statute and they name which provision of the statute. But even short of that short of naming the statute or I didn't say which part of the statute you allege was violated and here what case says you have to name the statute rather than state the facts. Here they are clearly saying they made the demand, you didn't pay, you should have. So that's what they're claiming and then they later say the 18%. So those are the pieces. What case do we have that says if you don't cite the statute you're out? Your honor it's not State Farm's position that you have to cite the statute. I think what what I think is missing here is because they didn't timely pay as required by the statute, any statute, that's where they get the 18% interest. Because their 18% interest could have come from failing to that they allege we failed to acknowledge, they allege we failed to. The only factual allegation they have is the failure to pay. They didn't say we sent you a hundred notices and you never responded and then you're confused about is that what you're upset about? I mean there's just a paragraph that says you owed us, you failed to pay, you denied the claim and then in the damages it asks for the 18%. So and I think it was a fair point if you're confused about a pleading there's a record there's mechanisms you know the the federal equivalent of the special exception and you can get that resolved. But that doesn't mean that they didn't plead it and you all knew that because of the the 18% to me is the thing that makes it clear and so if you were confused which I respectfully don't think you could have been from this petition, if you were confused though that you had a mechanism for that but that's not winning on something you should lose on. Your honor you asked where the case law is that says you have to in this case because other than Mr. Davis's pleadings I've never seen this not alleged in every single case and this case in Chavez are the only cases that I'm aware of where there is not in in the three Supreme Court cases of Mr. Davis's that have they don't allege that they allege the statute and what ground for the statute. But also Barbara Technologies the the talks about a 542 claim as a cause of action on which the plaintiff has the burden of proof and it lays out what that burden of proof is. It doesn't talk about this as an automatic statute in fact I couldn't find any opinion from the Supreme Court or this court that talks about it you automatically get it even if you don't plead it. I beg your pardon but I don't think we talk about causes of action I think we talk about claims and that the distinction between claims and cause of action is fundamental to the 1938 adoption of the rules that was fundamental changes in a procedural system. You talked about the grounds for recovery it's not the citation it's what happened here this is what was done to me and I will seek to recover for this conduct of the defendant and they didn't timely pay and they said that so you know I don't buy this argument about the the tightness of the federal rules of civil procedure. I'm not only confounded by the notion that the system that's pleading by particularity when the federal rules of civil procedure want pleading by particularity it says so and then the Supreme Court has with Twombly and Inbal in those situations talked about pleading a plausible claim but that's the articulation of factual circumstances that allow the case to go forward. So you know I'm really puzzled by this this argument and you're going to have to do with this judge you're going to have to tell me something else I'm completely baffled by it. So your honors it was actually the trial court that came to the conclusion first. I've read that trial court decision and I was stunned. And State Farm believed the trial court was right and so went with that argument. I'm sure they did. And State Farm also has asked this court to affirm on additional alternative basis that were before the trial court but that the trial court didn't reach because it ruled that it wasn't pled and one of the alternative grounds you're going to get them on the table. Okay yes that's I'm headed there right now. I promise I know we didn't want to get the alternative grounds on the table but it wasn't the trial court that first made this argument it was State Farm because the state the trial court accepted this argument after State Farm made it on reconsideration so it wasn't that the trial court came up with this in error and then you're just here defending it isn't that true? Your honor in the trial court's first judgment before State Farm moved reconsideration the trial court said as Mr. Davis was pointing out earlier the trial court said they didn't and then the Chavez court decision came out where this court affirmed the no award under 542 and so State Farm went back on rehearing and said your honor please reconsider the forgiveness under 54 because Chavez did not forgive them under 54. Okay now Judge Hagenbotham wanted you to talk about alternative grounds. Sure the first and the primary alternative grounds State Farm is raising and raised in trial court is that the statute none of these deadlines in chapter 542 are triggered until the insureds make a written notice of claim the statute specifically requires that it be written notice of claim and both the Austin Court of Appeals and the Houston Court of Appeals have affirmed judgments awarding nothing under chapter 542 when the insured did not have a written notice of claim and so in this case the statute never began running and the deadlines in the statute never began running because they didn't have a written notice of claim or alternatively and this is part of the reason that it's State Farm believes it's important to plead these claims. You read as a defense that the failure of notice. Yes your honor. And it has an affirmative defense in the district court. It was definitely in our pleadings and it was in all of the briefings on attorney's fees that was to the court. But isn't that something that the district court should look at in the first instance that's essentially what they argue in the reply. They argue that they did give the written notice but that if there's some you know excessive demand blah blah then the judge needs to take a look at that not us. Right they argue that they gave a notice later in the case that their notice was not written initially when they reported the claim and when State Farm handled the claim and what I believe they're now saying the deadline started to run but they're saying later we sent a demand letter from an adjuster and that was written so that was good enough. But you didn't pay that either. Okay so I mean we have certainly had these cases where you're supposed to send a letter 30 days before you can get your attorney's fees under chapter 38 and people wait to send the letter but once they send it if you don't pay within 30 days the 30 days has passed. Y'all have yet to pay right? We've paid your honor. We paid following the judgment immediately following the judgment. But you had not paid until then. That's correct and the point is that even if the first notice was oral you denied it the second notice was written you still denied it. And what I think this goes to your honor is at a minimum there is a fact question about whether their notice was sufficient and whether their notice when their notice was and a statute that they're claiming is automatic needs a date of which that automatic is supposed to start running and so had they pledged this claim we could have had a jury question on whether their notice was written or what date their written notice was and what date this automatic penalty is supposed to run but because it wasn't alleged and trial court didn't believe it was we believe that as a matter of law a written notice that comes way after the time when we're adjusting the claim is not what's intended by the statute but at a minimum there's a fact issue on that which is by circling back to the original argument that had they alleged this. Okay well I really disagree with that because this notion that the insurance company is going to accept the oral notice as enough to cause a denial and then they're forever saved from 18 percent because the poor little insured who didn't know any better didn't send a written notice right then and they go get a lawyer and the lawyer sends a written notice that can never trigger the 18 percent. I think that's very inconsistent with the purpose of the 18 percent and with how all of these others the chapter 38 and the rest of the Texas world on this subject work. Your honor the only two Texas decisions on point the McMillan case out of Austin and Houston the USA versus Haynes case out of Houston both hold exactly that that's what the plain language of the statute says and that's what's intended but this isn't a case where it was a poor little insured they had Mr. Davis with them your honor as they have in all of these cases and so. No but I mean whatever we say here is going to apply whether you had I mean we're not going to say well if you have a lawyer then the law is different than if you don't I mean all I'm saying is just looking looking at it objectively that's inconsistent with the it's inconsistent with the chapter 38 approach and all the other rules that I know about there are times when the statute specifies something but when it doesn't I don't think that's right that you can say well we're forever saved from the 18 percent because we accepted an oral notice and didn't pay the claim then when they sent us a written notice we can ignore that and keep not paying. Yeah my own my only response your honor is just to invite the court to please look at the two state court decisions on point because that is what those state court decisions held. Our second ground alternative ground is. Before you complete your second alternative Was a pre-trial order ever entered in this case? A pre-trial order? Yeah. About what your honor? I believe so. About what? Didn't you normally have a pre-trial order in which the issues are stated? Sorry your honor so yes in this case the state farm had moved for summary judgment on all grounds and the trial court came back and said we're going to grant We're going to grant summary judgment on all grounds other than the breach of contract claim so the only claim that's left for trial is breach of contract. Counsel did you ask for a jury instruction on the timing of the notice at that time because you had you say you pled it as a defense in your pleading did you ask for a jury question on that issue and were you denied it? Your honor no because prior to that in this case the trial court had already concluded that they did not plead a chapter 542 claim and they filed a notice requesting a motion requesting to amend their pleading to allege a 542 claim and the trial court denied that amendment so the chapter 542 and then the summary judgment said only breach of contract is left so by the time the case went to trial the only issue that went to trial was the breach of contract claim and so state farm had been told there was no chapter 542 claim so they didn't pursue that trial. Did you okay did you want to go to your next alternative ground if you had one I think you said you did. Sure the other alternative ground is one that would go to fees attorneys fees only and not interest but we in the court may determine that it's a question of fact that should be decided by the trial court as the fact finder first but we believe that the evidence is legally insufficient on the issue and that is the question of when you have to prove up attorney's fees you have to prove it up through an expert and one of the burden on that expert is to show that there are not internal inconsistencies in the expert's opinion and in this case Mr. Davis served as the attorney's fees expert and he produced two sets of attorney's fees bills and two sets of attorney's fees testimony that are just riddled with inconsistencies the first set says a different attorney in his office performs 20,000 you know 50 hours of work the second set says he performed that exact same 50 hours and increasing the bill by $20,000 and there's riddled with other reasons we point out in our brief but it shows that there are so many internal inconsistencies that it was not reliable evidence the trial court could have relied on in awarding attorney's fees so even if the court were to remand to look at the prompt payment the the interest and to apply the interest there should not be an award of attorney's fees because they weren't proven and that's our additional ground and do you have anything else that you want to talk about um no unless the court has any additional questions for me okay um i'm sorry i do where in mcmillan is does it say you sent us an oral notice and that precludes you from ever having sent a written notice because i'm looking at mcmillan i'm not seeing it right off the bat i believe what mcmillan says is you don't start triggering the statute until you've filed a written notice but they're not saying my question was more specific if there was never a point but i don't see that mcmillan says if you first orally made notice and later gave a writing that that can't trigger it so that's what i'm asking does it say that i don't believe so your honor your honor if i may follow up real briefly since i still have a little bit of time yet i think the problem with the approach if the court takes the approach that a later writing after the claims handling is over is enough then it raises the question in this case of when does what mr davis is saying is an automatic penalty start is it at the time of that written notice is it at a time and how is this a automatic penalty if we now have this fact question on if and when notice was sufficient um and so it's it complicates the automatic i was puzzled by why there was so much effort being devoted in the district court and the writings of the district court in all respect uh with regard to the adequacy of the pleadings etc when you have a substantive statutory defense that the state statute requires a written notice as you say and that was not complied with uh they uh instead you're talking about you know several pleading issues that are um i was concerned about that's why i asked you did you plead this as an affirmative defense that the statutory notice required was not given and you say you did and at first the court started to address it and then it ultimately went the other route with chavez i mean we would have liked the court to have addressed this argument in its ultimate judgment but it didn't um it started to in its first opinion and then changed and went with chavez because it was a decision of this court that the court felt it needed to follow unless arguing that the change of some other the other decisions changed the outcome here my sense was that he adopted the argument that state farm put forward but i mean state farm asked the trial court to follow chavez when once the chavez case was issued by this court state farm asked the court to follow it and because it was exactly on point it was the same pleading the same counsel the same everything and the court said it's correct point being that if if if you say that there is a um the statute requires a written notice and it's not complied with and that's a factual practice determinable quite easily i think uh then i do not see uh why we've spent this much time and energy with all these other collateral arguments in fact this was an alternative basis to it as you best you've uh i'm just lost and that's the reason for my question about a pre-trial the ordinance of maintaining a docket you have people to define in the pre-trial order uh whatever and with the summer judgments you do the same thing um yeah so i and i guess it was because the 542 did that off it was off the table in the judge's mind it wasn't pledged so we didn't get into any of that at trial well one of the premises that uh came forward here was that the pleading standards of the federal courts are more exacting than down the sacred things i don't know about the relativity of it i'm not current on the on the particularization level required on the state court systems and it's been because it's shifted here over the years but i am not unfamiliar with the with the particularization requirements of the federal rule because it's basic to the whole system and it's the whole of them is that you need not do that and when you when it is required it is articulated uh yeah now i would say it's drift into well you didn't say that and that that's not a 54 is a it's not necessarily a forgiveness provision it is a declaration of of expression of rule one of the federal rules of civil procedures so we read these fair and justice and that's the whole concept of it and now we're going to broaden up what 1920s argument over field pleading code i'm sorry but you that's my concern about it and i express that to you it's not you as an advocate you argue what you got i appreciate that but but this point we got caution that and then to me that this has drifted pretty far from the baseline and you argue with what the work goes with and that's what you did but i don't understand the argument made that chavez changed that either i appreciate your arguments i don't mean to be critical either one of you doing a good job well adding on to what judge higginbotham said gives me a question which is i mean you agree there was a writing at some point you just disagree with whether it was adequate we disagree with whether it complies with the purpose of the statute which is to allow us to handle the claim in a timely manner no but the reality is and this happens all the time you know you have an insured makes a claim do it on the phone y'all deny it then a lawyer comes in or an insurance helper comes in or maybe the person's spouse comes in and writes you a letter and maybe raises something a little bit more helpful and you change your mind and pay then 18 would not come into play so the writing gives you another chance i would think you'd like rather than resisting that because it gives you another chance that you didn't in your view have even though you clearly knew about the claim because you denied it so to me even if you know i don't think the case law supports your argument but even if we were just looking at this as a policy the policy is we want to be sure insurance companies know there's a claim and deny it and then the 18 percent starts running and so that's the written notice well you got it so the fact that you get a second chance i don't understand why that is somehow a bad thing so maybe you can answer that no i'll let you go sure your honor and we're not saying that's a bad thing we're saying that under the argument that the statutory interest is automatic and this was an argument that a you had all the information available and so saying that you can just keep doing additional things and keep doing additional things but then we have to pay the interest back to the beginning when the claim was first reported is is the point that we would have trouble with it and i don't think you're i think you're right your honor that that is not it starts that day so i mean i write the letter on behalf of my client you guys get it you deny it that starts it not they called you up two years ago i agree with that if you're talking about 80 percent per year when is that year i agree with that however i don't think that's at all inconsistent with the purpose of the statute it's just inconsistent your honor with what the plaintiff's lawyers in this case and others have been arguing and so if that's a clarification that the court makes that would be helpful i'll take another look if i'm somehow going past but i'm basing it on kind of i said this is just an area of the law i know a lot about so i'm sorry i don't need to take extra time i apologize judge okay well you don't need to apologize but are we ready to proceed with the rebuttal now i'm just i don't want to cut anybody off okay mr davis you may proceed thank you judge and few points on rebuttal and i'll work backwards from uh mrs lauber's argument first denial is the act that begins the running of 18 penalty interest in the event that the carrier wrongfully denied the claim and should have paid money that is when 18 percent would begin to run but that's the written note i mean you agree it has to be written notice i agree that a notice is required but to the extent that the carry there's already been back and forth and the carrier has already acted with respect to its awareness in documentation concerning the notice it has about the claim being made and denial that is a written denial and there was one in this case reflects that notice so there's no dispute about state farms awareness of the claim and it has made a determination that it doesn't have to pay that was wrong under the statute the 18 penalty begins to run but i think that the question of notice is exactly what we say in our reply which is we this alternative ground it requires some factual discussion that this court is not prepared to make because the record i mean some of the things that miss lauber said are factually not true the 542 was never just uh dismissed via motion for summary judgment and judge royce never believed it was which is why judge royce in pre-trial because i was trial counsel too so i get to speak about this in a way that the record will reflect exactly what i say here judge royce and the parties agreed that the breach of contract case and damages would be tried to the jury but then the parties would submit post-verdict briefing concerning attorney's fees and statutory penalty interest under 542 and then once that determination was made judge royce if need be would make a determination on excessive demand but he had fully dismissed the idea that somehow state farm did not get notice that's why i asked the question about a free trial i've this is this is a very experienced district judge yes your honor i agree 100 i couldn't comprehend that you went that one we had a very lengthy pre-trial the first day before we even got to jury selection in which the the parties and the court laid out the schedule for trial and it absolutely included a discussion of 542 not having this dismissed and if you look at the motion for summary judgment that's in the record from state farm they actually don't move for dispositive relief on 542 despite saying in the record and i'll quote plaintiffs and this is from uh the record at 487 plaintiffs have specifically alleged this is state farm writing plaintiffs have specifically alleged causes of action based upon chapters 541 and 542 of the texas insurance code negligence negligent misrepresentation and then their motion goes down to argue 541 dispositive relief negligence negligent misrepresentation dispositive relief the relief was granted now we didn't bring up on appeal the granting of the 541 because it seemed at this point we've already got enough to talk about but clearly state farm in the motion demonstrates its and it didn't seek dispositive relief at that time council references our motion for leave i filed a motion for leave to amend the complaint following the district court's ruling in chavez down in brownsville or excuse me mccallan when when we tried chavez and the motion for lemony that state farm had filed was granted i you know in the months that followed thought you know i i should go ahead and see if i can get leave to clarify this issue so we don't have to come up again on appeal concerning the issues that are so essentially messy unnecessarily so with respect to how the insurance code applies to when a carrier wrongfully denies the claim so i filed for leave to do that and judge judge royce was not sitting in san antonio at that time it was decided by another district court judge a permanently assigned to uh to to the western district in in san antonio and that judge denied our motion for leave but that doesn't somehow mean that we have not adequately asserted 542 and it certainly doesn't turn state farms motion for summary judgment into some kind of relief on 542 judge royce never never contemplated that it was always and by agreement by the way so the question uh that i believe judge elrod had of why what was the question submitted to the jury as to when interest would begin to run or notice those questions were not submitted but they were not submitted by agreement because the parties were going to brief these issues post verdict by agreement and so and sorry thank you i think your time is up so just oh i'm sorry your honor wrap it up in a sentence or something yes that was very helpful but i need you to probably wrap it up thank you and i'm sorry uh i just think that the the case is straightforward the agredanos won and they should get the full benefit of winning that is that they are entitled to from the texas insurance code under 542 the case should be remanded so we can decide the damages questions appropriately thank you thank you we appreciate both parties both lawyers arguing today this was very helpful to the case um thank you very much this case is submitted thank you thank you your honors bye bye this concludes the arguments for this week and the court will stand adjourned pursuant to the usual order thank you thank you